The opinion of the court was delivered by
Tilghman, C. J.
This was a scire facias issued against John Kean, deceased, and Daniel Reigart and others, terre-tenants of a house and lot once the property of Kean, on a recognizance to the president of the Orphans’ Court of Dauphin county, entered into by the said John Kean, with condition to pay to the heirs of John Hamilton, deceased, their several proportions of the money *122 due to each of them for their shares of the said John Hamilton's real estate, appraised by order of the Orphans’ Court, and taken by the said John Kean at the appraised value, in right of his wife Jane, who was one of the daughters of the said John Hamilton. The death of John Kean having been suggested on the record, a scire facias was issued against his widow, Jane Kean, for the purpose of bringing her in, to become a party to this suit, in the place of her deceased husband, of whom she was administratrix cum testa-mento annexo'. This scire facias was served on Jane Kean, who made default, in consequence of which, judgment was entered against the estate of the said John Kean, deceased. Theiterre-te-nants pleaded payment, with leave to give the special matter in evidence, on which issue was joined, and a verdict found for the plaintiff for six hundred and twenty six dollars and ninety-six cents debt, with six cents damages and six cents costs, and judgment entered thereon against the house and lot, formerly the property of the said John Kean, and then held by the terre-tenants. Several errors have been assigned in this record, which shall be considered in .their,order:
1. “ That there was neither plea put in, nor issue joined in this cause.” The fact is not so, — there were both pleas and issues. But the record is made up in a confused manner. The scire facias against Jane Kean is docketed so as to have the appearance of a separate action. There certainly were no pleas by her, because she never appeared, and judgment was entered by default. The plaintiffs in error contended, that the jury were sworn, and the verdict given in what they call the action against Jane Kean. But this was a misapprehension. There was but one action, viz. a scire facias against John Kean and the terre-tenants, and, on his death, a scire facias issued under our act of assembly against- John Kean, his administrator, who was to be substituted as a defendant in his place. There was therefore a regular plea and issue between the plaintiff and the terre-tenants,-the only parties remaining after the death of John Kean, and the judgment entered against his estate on the default of his administratrix.
2. The second error is assigned, “in proceeding to trial against the terre-tenants, without a judgment having been first obtained, either against John Kean, deceased, or Jane Kean, his adminis-tratrix.” This exception is not warranted by the record, by which it appears that judgment was entered against the estate of John Kean, for the. default of his administratrix in not appearing, in pursuance of the act of the 13th of April, 1791, 3 Sm. L. 30.
3. The third error is, .“in the court’s opinion in bills of exceptions marked A. and B., and in their answers to the defendants’ points, Nos. 1, 2, and 3; and in refusing, and neglecting to file of record, their whole charge to the jury, together with their answer to the said points, as requested by.the defendants.”
As to the bills of exception marked A, and B., they are out of *123 the question. It appears, on an inspection of the record, that no such bills of exception are to be found. But the defendants’ points, Nos. 1 and 2, appear on the record, with the answer of the court to each of them.
First Point. “That the recognizance upon the real property accepted by John Kean, in Dauphin county, was a. joint recognizance, and that John Hamilton, the plaintiff in this suit, having executed 5a release for a part of the property, bearing date the 14th of January, 1806, the whole is thereby released, and the plaintiff cannot recover in this suit.”
The.answer of the court on this point was against the defendants. There is an inaccuracy in calling this a joint recognizance. There was but one recognizance. But what the defendants’ counsel meant, I presume^ was, that this recognizance bound all the lands taken by John Kean at the appraisement, jointly, and did not operate as a separate lien on each particular house, or tract of land. But even if it were so, it by no means follows, that a release of the lien as to one tract, discharged it as to the whole. There can be no reason why it should be so taken: each separate parcel of property was valued separately. As far as the release went, the recognizance lost its lien, but retained it as to all the rest. It is quite different from a release of one obligor, where more than one are bound jointly in a bond. There the form of action must’ be joint, against all, and a plea of a release of one bars the obligee, because he must recover according to his demand, that is, against all, or' he cannot recover at all. The answer of the court, on this point, therefore, was right.
Second Point.. The defendants’ second point was, “that as the amount due to the plaintiff, and charged on the property held by the defendants, was, on the 13th of February, 1818, but three hundred and seventy-nine dollars and ninety-eight cents, and it appearing by the evidence in this cause, that the plaintiff received five hundred and thirty-eight dollars and sixty-one cents for the land sold to George Fisher, for which a release had been executed, the same is a payment for all that the plaintiff is entitled to recover, and therefore he ought not to recover in this .suit.” It is evident, that this is rather a question of fact than df law. Ipassumes, that the plaintiff has been paid more than he demands in'this suit, and .therefore concludes that he cannot recover. The judge answered, very properly, that whether the plaintiff had been paid, as alleged by the defendants, was a fact to be decided by the jury, to, whom he left it.
Third. Point. The defendants’ third point was, “that it having been proved, that the defendants were innocent purchasers for a. full consideration, the court was requested to charge thé jury, that the plaintiff by his release to John Keen, will be presumed to have received from him a full consideration for the one hundred and twenty acres of land mentioned in the said release, and that the *124 sum of twelve hundred and eighty-five dollars and three cents, paid to him by John Kelker, with the consideration for the said release, is a payment to him in full of all moneys due from John Kean, out of the house and lot for which he has brought his present suit.” This point was founded also upon an assumption of facts, which the court, in i.ts answer, says, were not proved, but tjtat the evidence was strong to' the contrary. It was submitted, however, to the jury whether the payments were made to the' plaintiff, as alleged to the defendants, or not. The answer of the court was correct in all respects.
The last error insisted on by the defendants is, that the judge did not reduce to writing and file his whole charge to the jury, as he was requested to do.' As this is a point on which the gentlemen of the bar seem to have entertained very loose and discordant opinions,it isjiigh time that it should be settled. It was enacted by the act of the 24th of February, 1806, sect. 25, “ that in all cases in which the judge or judges holding the Supreme Court, Court of Nisi Prius, Circuit Court, or presidents of the Courts of Common Pleas, shall deliver the opinion of the court, if either party, by himself or counsel, require it, it shall be the duty of the said judges respectively, to reduce the opinion so given, with their reasons therefor, to writing, and file the same of record in the cause.” This provision, though undoubtedly intended for a good purpose, has produced consequences of which the legislature was not aware when it was passed.' It may have done some good, but, on the whole, it is the general sentiment, that it has caused much trouble, expense, and delay, and thrown many obstructions in the way .of a speedy and fair administration of justice. This court, as in duty bound, has always given it a candid, and even liberal construction, in order that the intent of the legislature might be carried into full effect. But there is no reason why we should endeavour to extend it, by equity, beyond its true méaning, which was, that when a judge delivered an opinion on matter of law, he should, if requested, reduce his opinion, with his reasons for it, to writing, and file it of record. Now, in the present instance this was done, as to several specified points, on which an opinion was requested by the defendants’ counsel. But this, it seems, was not deemed sufficient. The judge was requested to reduce his whole charge to the jury to writing, and file it. There is nothing id the act of assembly which authorizes such a request, and the judge was very right in declining to comply with it. In a-charge to the jury, -the judge sums up the evidence, and lays it before them with such observations of his own as he thinks pertinent. I believe no judge reduces his whole charge to writing before it is given, and indeed he could not do it without great and ruinous delay. And after it is given,' it would be impossible for a man of the most tenacious memory to recollect all that he has said on the facts of the cause. And even if it were possible, it would be improper to burthen the record with a quan *125 tity of unnecessary matter. It is the business of the counsel who requests an opinion to be filed, to specify it. Several opinion's, on.matter of law, may be delivered in one charge. Some of these may Be objected to, and some not; but, at all events, the judge should be informed what the opinion is, which he is desired to reduce to writing, &c., and then it is his duty to file that opinion, with his reasons, and no more. In the present case, several opinions, given before the charge, were filed at the request of the defendants’ counsel, and very probably the same opinions were repeated in the charge. If so, it certainly would be improper to swell the record by a repetition of them. It appears to me, that the judge did every thing in this case which he was .bound by law to do. He reduced to writing, and filed his opinion on all points of law in which he was requested to file it, but his whole charge to the jury, although requeued, he did not reduce to writing and file. I am of opinion, on the whole, that there is no error in this record, and therefore the judgment should be affirmed.
Judgment affirmed.